## THE STATE BANK v. SMITH.

1. Under the act of 1829, the Circuit Court may appoint a trustee, upon the death of the trustee appointed in the deed.

ERROR to Marengo Circuit Court.

This was a trial of right of property. An execution having been sued out by the bank against one Adams, and levied upon certain slaves, the property was claimed by the defendant in error as trustee of Mrs. Adams, and a verdict and judgment was rendered in his favor.

Upon the trial, it appeared that the property in question had been given to Mrs. Adams by her father, by a deed, in which one Howell C. Adams was trustee. That Howell C. Adams died, and, thereupon, at the instance of Mrs. Adams, the circuit court of Marengo appointed the defendant in error trustee. This was before the commencement of this suit. The property was shown to be in the county of Marengo.

Upon this evidence, the counsel for the bank moved the court to instruct the jury, that the appointment of Smith, so made by the circuit court, did not invest him with the legal title to the property conveyed in the deed of trust.

Which charge the court refused; and charged, that the order of the circuit court did transfer to him the legal title to the property so conveyed; to which the plaintiff excepted, and now assigns for error.

The State Bank v. Smith.

Murphy, for the plaintiff in error.

Manning, *contra*.

Ormond, J.—The act, under which the defendant in error was appointed trustee by the circuit court, was evidently intended to prevent the necessity of resorting to a court of chancery for the appointment of a trustee. The first section gives the court power to remove a trustee ; and the second, to receive the resignation of one; and in both cases, to appoint another to act in his stead. [Clay's Dig. 581.]

The statute does not, in terms, authorize the court to appoint a trustee, when the trustee appointed by the parties dies ; but we have no doubt that the power of the circuit court so to act, is within the spirit and intention of the enactment.

This appears, not only from the general scope and design of the law, but especially from the 5th section, which provides that, " for the prosecution or defence of any suit in any of the courts of this State, the court, before whom such suit may be pending, may, on motion, appoint a trustee or trustees to prosecute or defend the same, in all cases where the same may be necessary." If, then, the trustee in this deed had died after the claim was interposed, there can be no doubt that the court could have appointed another to act in his stead. It would be difficult to assign a reason for giving this power to the court to appoint a trustee to enable the suit to be carried on, and deny it for the purpose of commencing or defending one.

The act of 1843, [Clay's Dig. 350, § 32, 33,] which gives to the registers of the courts of chancery the power to receive the resignation of a trustee, and to appoint one in case of death, cannot be considered a repeal of the statute we have been considering. It does not appear that there was any intention to repeal it, nor is there any conflict between them ; but, on the contrary, both may well stand and be operative. It is an established rule in the construction of statutes, that an affirmative statute does not repeal an existing statute, except so far as it is repugnant to or inconsistent with its provisions.

Nor is there any weight in the suggestion, that the statute was repealed when the common law judges were prevented from the exercise of chancery jurisdiction by the establishment of separate chancery courts. The power of appointing trustees was confer-

red on the courts, as courts of common law, and was, therefore, not impaired by the transfer of the equitable jurisdiction of the court to the chancellor.

Let the judgment be affirmed.